IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MAURICE VAN BUREN,

        Plaintiff,                      No.  2:13-cv-1192 KJN P

    vs.

DOLLY MATTEUCCI, et al.,

        Defendants.           <u>ORDER</u>

_____/

        Plaintiff, who proceeds without counsel, is detained at Napa State Hospital. Plaintiff has filed a civil complaint for damages based on allegations that he is in custody based on perjured evidence; plaintiff also appears to seek termination of his parole. Plaintiff also filed an incomplete application to proceed in forma pauperis.

        Several problems beset plaintiff's filings.

        First, while it appears that plaintiff may be detained as a parolee, pursuant to the authority of the California Department of Corrections and Rehabilitation ("CDCR"), this is not clear. It is also possible that plaintiff is housed at Napa State Hospital as a civil detainee. Clarification of this matter is important in assessing plaintiff's claims, as well as his application to proceed in forma pauperis. A civilly committed detainee in a state mental hospital is not subject to the financial reporting requirements of the Prison Litigation Reform Act ("PLRA"),

1

but rather to the requirements for unincarcerated persons.  Page v. Torrey, 201 F.3d 1136 (9th Cir. 2000).  In addition, the filing fee for a civil rights action is $400 ($350 for a prisoner), while the fee is $5 for a habeas petition.  Therefore, plaintiff must clarify the legal basis for his detention at Napa State Hospital before this court can process his application to proceed in forma pauperis, and proceed to analyze plaintiff's claims.

Second, the allegations of the complaint, and relief sought, indicate that plaintiff is attempting, improperly, to pursue both a civil rights damages action and a habeas corpus action.  The latter is demonstrated by plaintiff's requested release from confinement at Napa State Hospital.  A civil rights action, brought pursuant to 42 U.S.C. § 1983, challenges the conditions of one's confinement.  By contrast, a petition for writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254, challenges the fact or duration of one's confinement (e.g., by challenging the underlying conviction or sentence).  Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973).  Plaintiff herein must choose, and articulate, whether the relief he seeks is release from his confinement (a habeas action), or damages based on the conditions of his confinement (a civil rights action).

Plaintiff's claim that his custody rests on perjured evidence appears to reflect a habeas corpus action, not a civil rights damages suit.  See, e.g., Cal. Penal Code § 1473 (b)(1) ("A writ of habeas corpus may be prosecuted for, but not limited to, the following reasons:  (1) False evidence that is substantially material or probative on the issue of guilt or punishment was introduced against a person at any hearing or trial relating to his incarceration. . . .")  However, this court may not simply convert a civil rights complaint into a habeas corpus petition without the petitioner demonstrating that he first exhausted his claims in the state courts.  Preiser, 411 U.S. at 489.  This federal exhaustion requirement is met by demonstrating that the state's highest court had a full and fair opportunity to consider all habeas corpus claims asserted in the federal petition.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

Plaintiff will be given an opportunity to clarify these matters in an amended pleading, and to submit an appropriate and fully completed in forma pauperis application.[1]

In accordance with the above, IT IS HEREBY ORDERED that:

1. The court defers consideration of plaintiff's application to proceed in forma pauperis, subject to the filing of a new and completed application that conforms to the nature of this action.

2. The complaint is dismissed with leave to file an amended pleading, as set forth below.

3. Plaintiff shall, within thirty days after service of this order, complete the attached Notice of Amendment and submit the following to the court:

    a. The completed Notice of Amendment;

    b. An amended application to proceed in forma pauperis – if plaintiff is detained under the authority of the CDCR or other correctional authority, he shall complete the in forma pauperis application specific to prisoners; if plaintiff is a civil detainee, he shall complete the in forma pauperis application specific to nonprisoners.

    c. An amended pleading, set forth on one of the forms provided herein, and clearly designated <u>either</u> a Petition for Writ of Habeas Corpus (pursuant to 28 U.S.C. § 2254), <u>or</u> an Amended Civil Rights Complaint (pursuant to 42 U.S.C. § 1983);

    d. Alternatively, if plaintiff concludes that he does not yet meet the requirements for filing either a petition for writ of habeas corpus or a civil rights complaint, plaintiff may request the voluntary dismissal of this action without incurring any fees.

4. The Clerk of Court is directed to send plaintiff the following blank forms used in this district court:  (1) application to proceed in forma pauperis, used by nonprisoners; (2)

---

[1] Under the PLRA, a prisoner plaintiff must, in addition to submitting a completed in forma pauperis application, submit a certified copy of his institutional trust account statement for the six-month period preceding the filing of the complaint.  28 U.S.C. § 1915(a)(2).

3


application to proceed in forma pauperis, used by prisoners; (3) petition for writ of habeas corpus; and (4) civil rights complaint.

SO ORDERED.

DATED: June 25, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/vanb1192.scrn

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MAURICE VAN BUREN,

    Plaintiff,                  No.  2:13-cv-1192 KJN P

    vs.

DOLLY MATTEUCCI, et al.,

    Defendants.            NOTICE OF AMENDMENT

/

    Plaintiff/petitioner hereby submits the following documents in compliance with the court's order filed _____:

1. _____ Amended Application to Proceed In forma Pauperis

**AND**

2a. _____ Amended Complaint

**OR**

2b. _____ Petition for Writ of Habeas Corpus

**Alternatively:**

3. _____ Plaintiff requests voluntary dismissal of this action

_____    _____
Date                                                            Plaintiff