IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MAURICE VAN BUREN,

    Plaintiff,                           No.  2:13-cv-1192 KJN P

    vs.

DOLLY MATTEUCCI, et al.,

    Defendants.                <u>ORDER</u>

_____/

        On June 26, 2013, after screening plaintiff's initial "complaint," filed June 14, 2013, this court issued an order directing plaintiff to file the following documents:  (1) an amended application to proceed in forma pauperis; (2) a completed Notice of Amendment, indicating whether plaintiff sought to pursue a civil rights action or a habeas corpus action; (3) an amended pleading, either a civil rights complaint or a habeas corpus petition.  (<u>See</u> ECF No. 4.)

        On July 22, 2013, plaintiff filed an amended application to proceed in forma pauperis, together with both an amended complaint <u>and</u> a petition for writ of habeas corpus.  (See ECF Nos. 5-7.)  In addition, plaintiff consented to the jurisdiction of the undersigned magistrate judge for all purposes.  28 U.S.C. § 636(c); Local Rule 305(a).  (ECF No. 8.)

        The court is required to screen pleadings brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

1 § 1915A(a). The court must dismiss a pleading or portion thereof if the prisoner has raised
2 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
3 granted, or that seek monetary relief from a defendant who is immune from such relief.
4 28 U.S.C. § 1915A(b)(1),(2). A claim is legally frivolous when it lacks an arguable basis either
5 in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d
6 1221, 1227-28 (9th Cir. 1984). The court may dismiss a claim as frivolous when it is based on
7 an indisputably meritless legal theory or where the factual contentions are clearly baseless.
8 Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however
9 inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639,
10 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

11 In the present case, plaintiff's numerous and wide-ranging allegations[1] fail to state
12 any prima facie legal claim, despite the opportunity to file an amended pleading subject to the
13 instructions of the court. Plaintiff remains confined at Napa State Hospital, apparently pursuant
14 to a civil commitment/conservatorship (ECF No. 6 at ), although he appears to indicate that he
15 also remains on parole (id.) Nevertheless, plaintiff's allegations lack any factual or legal
16 contours. Neitzke, 490 U.S. at 325.

17 Due to the frivolous nature of plaintiff's allegations, and his failure to state a
18 potentially cognizable legal claim, the undersigned is compelled to dismiss this action, but will
19 do so without prejudice. 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii). There is no reasonable basis for
20 granting leave to file a further amended pleading. "Under Ninth Circuit case law, district courts
21 are only required to grant leave to amend if a complaint can possibly be saved. Courts are not

---

[1] Plaintiff's allegations include the following. Pursuant to his putative habeas corpus petition, which does not demonstrate the exhaustion of state remedies, plaintiff seeks relief from his confinement on the following grounds: (1) "punishment wrongfuldoing don't fit the constitutional book punishment lock down interfears with case request relief from punishments," and (2) "crual unusal punishments with no grounds to stop my greedom to obay all commands of equality" (sic). (ECF No. 6 at 3, 4.) Pursuant to his civil rights complaint, plaintiff describes his claim as follows: "In year 2003 I was hugging a girl and that lead to the false facts I claim all statement are not true because the statement don't match." (ECF No. 5 at 8.)

1 | required to grant leave to amend if a complaint lacks merit entirely." Lopez v. Smith, 203 F.3d
2 | 1122, 1129 (9th Cir. 2000).
3 |     Further, because the court is unable to identify any potentially cognizable legal
4 | claims in either pleading, and hence the nature of this action and appropriate filing fee, this
5 | action will be dismissed without requiring payment of a filing fee.
6 |     For the foregoing reasons, IT IS HEREBY ORDERED that:
7 |     1. Plaintiff's application to proceed in forma pauperis is denied without
8 | prejudice; no filing fee shall be imposed.
9 |     2. This action is dismissed without prejudice.
10 |    3. This action is closed.
11 | DATED: August 8, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

vanb1192.dsms.scrn